UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RYAN McVAUGH,                )
                             )
        Plaintiff,           )
                             )
    v.                       )   No. 1:13-CV-6-SNLJ
                             )
BRANDON LOWE, et al.,        )
                             )
        Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's amended complaint [Doc. #9].[1] For the reasons stated below, the Court will (1) order defendants Brandon Lowe and Wade Dare, in their individual capacities, to file a responsive pleading to plaintiff's Fourth and Fourteenth Amendment claims, as set forth in the amended complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure; and (2) dismiss, without prejudice, plaintiff's Eighth Amendment claims against both defendants.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint

---

[1] On February 12, 2013, this Court instructed plaintiff to file an amended complaint [Doc. #7].

filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  The plaintiff is required to

2

plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Amended Complaint**

In his amended complaint, plaintiff, an inmate at the Moberly Correctional Center, seeks actual and punitive damages pursuant to 42 U.S.C. § 1983 against defendants Brandon Lowe and Wade Dare. Defendants are law enforcement officers with the Butler County Sheriff's Department. Plaintiff is suing defendants in their individual capacities.

Plaintiff's allegations arise out of his detention at the Butler County Jail on or about March 4, 2012. Plaintiff states that he was a pretrial detainee at the time, given

that he was merely in custody, without a warrant.  Plaintiff claims that at approximately 1:48 a.m., defendants "rousted [him] out of bed . . . solely to disorient, confuse and frustrate [him]," and proceeded to interrogate him "in an interview room where the video surveillance was not working."  Plaintiff alleges that, without provocation on his part, defendants Lowe and Dare violated his Fourth, Eighth, and Fourteenth Amendment rights by "physically attacking, assaulting and striking [him] while he was handcuffed," in an effort to "beat 'the truth' out of [him]" with regard to a convenience store robbery or burglary in which he was not involved and in regard to which he has never been charged.[2]  Plaintiff further alleges that as a result of defendants' unlawful, intentional, and malicious abuse, he suffered both physical and emotional injuries, for which he was denied medical care.

## Discussion

Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the merits. A

---

[2]Plaintiff states under Count I of the amended complaint, "COMES NOW Plaintiff and for his first cause of action against Defendant Lowe, states further as follows . . ." The Court will liberally construe Count I as having been brought against both Brandon Lowe and Wade Dare.  Plaintiff proceeds to set forth his allegations against both defendants, and it is clear to the Court that in Count I, plaintiff is asserting claims against both Lowe and Dare.

review of the amended complaint indicates that plaintiff has sufficiently asserted Fourth Amendment claims alleging use of excessive force during an interrogation, as well as Fourteenth Amendment claims for deliberate indifference, excessive use of force, and denial of medical care.  Because plaintiff was a pretrial detainee when the alleged constitutional violations occurred, his claims should be analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).  This Court notes that, while acknowledging that it "has yet to apply a clear standard for pretrial detainees," *Vaughn v. Green County*, 438 F.3d 845, 850 (8th Cir. 2006), the Eighth Circuit Court of Appeals has "repeatedly applied the deliberate indifference standard of *Estelle* to pretrial detainee claims that prison officials unconstitutionally ignored a serious medical need or failed to protect the detainee from a serious risk of harm." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).  As such, the Court will dismiss plaintiff's Eighth Amendment claims, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), and will order defendants Lowe and Dare to reply to plaintiff's Fourth and Fourteenth Amendment claims set forth in the amended complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to be issued on the amended complaint as to defendants Brandon Lowe and

Wade Dare, in their individual capacities.

**IT IS FURTHER ORDERED** that defendants Brandon Lowe and Wade Dare, in their individual capacities, shall file a responsive pleading directed to plaintiff's Fourth and Fourteenth Amendment claims, as set forth in the amended complaint, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendants Brandon Lowe and Wade Dare, as set forth in the amended complaint [Doc. #9], are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal of Claims will accompany this Memorandum and Order.

Dated this 12th day of March, 2013.

_____
**UNITED STATES DISTRICT JUDGE**